# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ANDES INDUSTRIES, INC. and
PCT INTERNATIONAL, INC.,

    Plaintiff,

vs.

CHENG SUN LAN, et al.,

    Defendant.

Case No. 2:14-cv-00400-APG-GWF

**ORDER**

Motion to File Portions of Plaintiffs' Motion for Jurisdictional Discovery, Response to Motion to Dismiss and Supporting Exhibits Under Seal (#46)

    This matter comes before the Court on Plaintiffs' Motion to File Portions of Plaintiffs' Motion for Jurisdictional Discovery, Response to Motion to Dismiss and Supporting Exhibits Under Seal (#46), filed on September 17, 2014.

    The Supreme Court has recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *See Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The 9th Circuit has held that the sealing of filings is appropriate to protect the parties' proprietary business operations and trade secrets. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The party seeking to seal a judicial record bears the burden of overcoming the strong presumption by articulating the compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. *Id.* The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive

materials. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1214 (9th Cir. 2002). Thus, a 'good cause' showing alone will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Starlite Development (China) Ltd. v. Textron Financial Corp.*, 2008 WL 2705393 at 34, (E.D. Cal. 2008).

Here, Plaintiffs indicate that portions of their motion for jurisdictional discovery, response to Defendants' motion to dismiss, and supporting exhibits for both pleadings contain "highly sensitive trade secret and non-public information such as Plaintiffs' pricing, purchasing quantities, and internal financial information." *See Dkt. #46*. Specifically, Plaintiffs seek to seal portions of its pleadings that reveal confidential customer information. Plaintiffs also seek to seal exhibits to those pleadings, which include a promissory note; a company power point presentation detailing business operations, company products, and disclosing pictures of manufacturing facilities; and portions of internal operating emails and financial invoices. *See Dkt. #39, #40, #44, #45*. Having reviewed the documents, the Court finds that Plaintiffs establish compelling reasons to file portions of their aforementioned pleadings and exhibits under seal. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to File Portions of Plaintiffs' Motion for Jurisdictional Discovery, Response to Motion to Dismiss and Supporting Exhibits Under Seal (#46) is **granted.** Sealed documents #39, #40, #44, and #45 shall remain sealed.

DATED this 19th day of September, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge