UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDES INDUSTRIES, INC. and PCT INTERNATIONAL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CHENG SUN LAN; KUN-TE YANG; CHI-JEN (DENNIS) LAN; POLAR STAR MANAGEMENT LTD.; EZCONN CORPORATION; and EGTRAN CORPORATION,<br><br>Defendants. | Case No. 2:14-cv-00400-APG-GWF<br><br>**ORDER REGARDING MOTION FOR ATTORNEY'S FEES**<br><br>(Dkt. #101) |

Defendants EZconn Corporation and eGTran Corporation (collectively "Defendants") have moved for an award of their attorneys' fees incurred in connection with this matter. (Dkt. #101.) While I am inclined to award some of their fees, Defendants' motion overreaches.

"If state substantive law governs a case, then an award of attorney fees is also governed by state law." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 218 (9th Cir. 2013). Federal courts in diversity cases follow the law of the state in which the district court is held, including with respect to issues of conflict of laws. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Nevada tends to follow the Restatement (Second) of Conflict of Laws (1971) in determining choice-of law questions involving contracts. . . ." *Progressive Gulf Ins. Co. v. Faehnrich*, 752 F.3d 746, 750 (9th Cir. 2014) (quoting from the Supreme Court of Nevada's opinion on the referred question). "The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue." Restatement (Second) of Conflict of Laws §187(1) (1971). Here, the subject contract states that it is governed by Arizona law.

Under Arizona law, the court may award the successful party reasonable attorneys' fees in any contested action arising out of a contract, express or implied. Ariz. Rev. Stat. §12-341.01. This statute is not intended to punish but instead to "mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." Ariz. Rev. Stat. § 12-341.01(B).

Defendants request an award of all of the fees and costs they have incurred in connection with this matter. Such an award is inappropriate at this time because it presumes Defendants were successful in the entire litigation. Defendants merely prevailed on their efforts to dismiss the case on jurisdictional grounds. The litigation lives on in the District of Arizona. Defendants' counsel expended significant efforts researching, analyzing, and preparing to address the underlying claims. Because the parties' dispute is still being litigated in Arizona, the work of Defendants' counsel related to issues other than jurisdiction will be used in that case. Defendants' ability to recover fees for that work should be decided by the judge who addresses those claims. I will address only the fees and costs related to the jurisdictional issues.

Defendants were successful on their motion to dismiss based on lack of personal jurisdiction. (Dkt. ##18, 75.) Thus, they are entitled to recover reasonable fees and costs incurred in connection with the following related motions: eGtran's motion to dismiss (Dkt. #18), plaintiffs' motion to conduct jurisdictional discovery (Dkt. #35), plaintiffs' motion for interim protective order (Dkt #47), EZconn's motion to dismiss (Dkt. #75), and Defendants' motion for entry of final judgment (Dkt. #88).[1]

---

[1] Defendants may not recover for work related to plaintiffs' motion to transfer (Dkt. #92) or their response to that motion (Dkt. #96).

Local Rule 54-16(b) requires a party seeking to recover fees to provide a "reasonable itemization and description of the work performed" and an "itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15." Defendants' motion and affidavits do not provide this information. Rather, they contain summaries of work that was performed during various time frames. (Dkt. #102 at 4-10.) There is no way for me to determine whether the time incurred was reasonable for the particular task. There is no indication of who performed what tasks (e.g., did the partner perform tasks that should have been reasonably delegated to the associate?). Nor is there an itemization of costs. Thus, I cannot award fees to Defendants at this time.

Local Rule 54-16(c) provides that "[f]ailure to provide the information required by LR 54-16(b) and (c) in a motion for attorneys' fees constitutes a consent to the denial of the motion." Denial is not mandatory, however, and I will allow Defendants an opportunity to supplement their motion with the information required by Local Rule 54-16. Defendants shall file a supplement to their motion, with redacted bills and other information required by Local Rule 54-16, within 14 days of entry of this Order. Plaintiffs shall have 14 days thereafter to file any opposition to that supplement. No other briefing is permitted without further court order.

DATED this 22nd day of February, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE