**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| ANDES INDUSTRIES, INC. and PCT INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHENG SUN LAN; KUN-TE YANG; CHI-JEN (DENNIS) LAN; POLAR STAR MANAGEMENT LTD.; EZCONN CORPORATION; and EGTRAN CORPORATION, <br><br> Defendants. | Case No. 2:14-cv-00400-APG-GWF <br><br> **ORDER REGARDING MOTION FOR ATTORNEY'S FEES** <br><br> (Dkt. #101, #124) |

Defendants EZconn Corporation and eGTran Corporation (collectively "Defendants") have moved for an award of their attorneys' fees incurred in connection with this matter. (Dkt. #101.) I found that the Defendants' motion overreached but permitted Defendants to supplement their motion with the information required by Local Rule 54-16. (Dkt. #114.) Defendants filed a supplement, seeking $259,070.60 in fees and $9,924.93 in costs. (Dkt. #117 at 10:4-7.) Curiously, this amount is only $7,041.75 less than the Defendants' original request of $276,037.28 in fees, which I found to be overreaching.[1] (Dkt. #101 at 30:7-8.)

As set forth in my prior Order, Defendants were successful on their motion to dismiss based on lack of personal jurisdiction. (Dkt. ##18, 75.) Thus, they are entitled to recover reasonable fees and costs incurred in connection with the following related motions: eGTran's motion to dismiss (Dkt. #18), plaintiffs' motion to conduct jurisdictional discovery (Dkt. #35), plaintiffs' motion for interim protective order (Dkt #47), EZconn's motion to dismiss (Dkt. #75), and Defendants' motion for entry of final judgment (Dkt. #88).

---

[1] Defendants reduced their requested attorneys' fees by $17,000 but added $9,924.93 in costs. (Dkt. #117 at 10:4-7.) Regardless, this amount is also more than the amount Defendants apparently have paid their lawyers. (Dkt. #117 at 10:6-7.)

Under Arizona law, the court may award the successful party reasonable attorneys' fees in any contested action arising out of a contract, express or implied. Ariz. Rev. Stat. §12-341.01. This statute is not intended to punish but instead to "mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." Ariz. Rev. Stat. § 12-341.01(B).

Defendants' fee request is not reasonable. Defendants seek to recover over $70,000.00 in connection with eGTran's motion to dismiss (Dkt. #117 at 2-3), over $58,000 in connection with EZconn's motion to dismiss (*Id*. at 4-5), over $28,000 in connection with the motion to conduct jurisdictional discovery (*Id*. at 3), over $24,000 in connection with the motion for interim protective order (*Id*. at 3-4), and over $30,000 in connection with their motion for entry of final judgment (*Id*. at 5-6). Defendants also seek over $56,000 in connection with their motion to recover fees and costs. (*Id.* at 6-7.)

Plaintiffs correctly criticize the fees and costs requested for these motions. (Dkt. #119.) I previously ruled that Defendants are entitled to recover their "reasonable" fees and costs. Defendants' request is not reasonable. I do not take issue with the hourly rates charged by the lawyers. But the hours spent on the various motions, and the overall fees incurred, are excessive. Defendants also improperly request thousands of dollars in fees for ministerial or secretarial type tasks.

For example, EZconn's motion to dismiss (Dkt. #75) is only eight pages long and primarily joins in eGtran's motion to dismiss. Yet Defendants seek to recover over $58,000 in connection with that motion. Defendants' $70,000.00 request related to eGTran's motion is likewise far too much.

In response to Plaintiff's two page motion for an interim protective order, Defendants filed an Opposition that was just over seven pages long (plus a 3-page email string exhibit), three pages of which addressed background facts and the procedural posture of the case. (Dkt. #56.) Defendants' request for $24,000 for that work is excessive.

1    Defendants' motion for entry of final judgment spent four pages addressing their request
2 that I dismiss other defendants in the case. (Dkt. #88 at 10-14.) Yet Defendants do not reduce their
3 $30,000 fee request to account for the fact that portions of the motion are not related to the
4 Defendants.

5    Plaintiff's opposition (Dkt. #119) to Defendants' supplement adequately summarizes many
6 of the appropriate objections to Defendants' fee request. I will not belabor the point by repeating
7 those objections here. Suffice it to say that the Defendants' fee request is grossly excessive.
8 Complex cases can be litigated in their entirety for lesser amounts. I am well acquainted with the
9 costs and fees that can be incurred in connection with sophisticated commercial litigation. But
10 Defendants' fee request is not reasonable.

11   IT IS THEREFORE ORDERED that Defendants' motion for attorney's fees **(Dkt. # 101)**
12 **is GRANTED IN PART**. Defendants are awarded $50,000.00 in fees and costs in connection with
13 this matter. Any other fee request is to be addressed to the judge in Arizona responsible for the
14 remainder of this case.

15   IT IS FURTHER ORDERED that Defendants' request for oral argument **(Dkt. #124) is**
16 **DENIED.**

17   DATED this 4th day of April, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3