UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ANDES INDUSTRIES, INC. and PCT INTERNATIONAL, INC.,<br><br>                        Plaintiffs,<br><br>v.<br><br>CHENG SUN LAN; KUN-TE YANG; CHI-JEN (DENNIS) LAN; POLAR STAR MANAGEMENT LTD.; EZCONN CORPORATION; and EGTRAN CORPORATION.<br><br>                        Defendants. | Case No. 2:14-cv-00400-APG-GWF<br><br>**ORDER REGARDING PENDING MOTIONS**<br><br>(ECF Nos. 128, 130, 140, 156) |
|---|---|

       I previously awarded Defendants EZconn Corporation and eGTran Corporation (collectively "Defendants") $50,000.00 in fees and costs incurred in connection with various motions. ECF No. 125. The Defendants' former counsel, Ruttenberg IP Law (RIPL), filed a motion to enforce an attorneys' charging lien against that award. ECF No. 130. Although the Defendants argue that RIPL must file an independent action to recover its fees, "[c]ourts have long recognized that fee disputes arising from litigation pending before a district court fall within that court's ancillary jurisdiction." *Curry v. Guam Mem'l Hosp. Auth.*, 941 F.2d 730, 731 (9th Cir. 1991). The parties filed a host of motions related to RIPL's motion to enforce its lien. This Order addresses all of those pending motions.

**RIPL's Motion to Enforce Attorneys' Lien (ECF No. 130)**

       RIPL claims both contractual and statutory bases for its assertion of a charging lien against the fee award. Under RIPL's fee agreement, the Defendants granted RIPL a contractual lien on "any recovery obtained for [Defendants] in this matter or any other matter to secure the attorneys' fees and costs for which [Defendants] have, or will be invoiced by [RIPL], relating to [RIPL's] representation of [Defendants] in this matter or any other matter." ECF No. 135 at 5. Nevada Revised Statutes § 18.015 provides RIPL a statutory lien against the fee award: "An attorney at law shall have a lien [u]pon any claim, demand or cause of action . . . which has been placed in the

attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted." This statutory lien is "for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client." *Id.*

The Defendants argue that RIPL is not entitled to a charging lien because RIPL withdrew from its representation of the Defendants before the conclusion of the case. However, the Supreme Court of Nevada has expressly held that a withdrawing attorney may enforce a charging lien "because NRS 18.015's plain language makes no distinction between attorneys who worked on a case before recovery and those who were working on a case at the moment of recovery." *McDonald Carano Wilson v. Bourassa Law Grp.*, 362 P.3d 89, 91 (Nev. 2015).

The Defendants also contend that RIPL should not recover any fees because I previously found its fees to be excessive when I awarded only part of the fees the Defendants had requested. ECF No. 142 at 10-11. RIPL responds that the Defendants' fee request (which was not prepared or submitted by RIPL) included fees that were not billed to the Defendants, were written off, or were for tasks other than the motions for which I awarded fees. ECF No. 147 at 13-16. Thus, RIPL contends, my decision regarding the Defendants' fee request is not determinative of what the Defendants owe RIPL. I agree. My ruling that the Defendants' fee request (ECF Nos. 101, 117) was excessive was based on the amount of fees that the Defendants claimed were incurred for the motions addressed in the fee request. ECF No. 125. To the extent that the Defendants included in their request fees that they never paid or fees for other work, my ruling does not preclude RIPL from recovering fees for work properly performed for the Defendants.

RIPL and the Defendants dispute the amount of fees RIPL is entitled to recover. Under RIPL's fee agreement with the Defendants, "the parties consent to exclusive jurisdiction in California for any any (sic) dispute arising out of, in connection with, or relating to" the fee agreement. ECF No. 135 at 8. The fee dispute must be resolved in California. At this stage, RIPL is entitled to assert a charging lien to secure whatever fees it is owed, under both the terms of its

fee agreement and N.R.S. § 18.015.[1] If it is determined that the Defendants owe fees to RIPL, RIPL's lien could be enforced against the fee award entered in this case. In order to protect whatever lien rights RIPL may have, I will order the plaintiffs to deposit into this court the $50,000 attorneys' fees I previously awarded. The funds will remain on deposit in this court until resolution of the fee dispute between RIPL and the Defendants. Once that dispute is resolved, either party may move to enforce or extinguish the lien and withdraw the funds.

**Plaintiffs' Motion for Correction (ECF No. 128)**

The plaintiffs seek clarification as to how much of the $50,000 award they are to pay to each of the Defendants. ECF No. 128. The plaintiffs are jointly and severally liable for the $50,000 fee award. Because I am ordering the plaintiffs to pay the award into the court, their request for an allocation between the defendants is moot. Once the plaintiffs deposit the award into court, they are excused from any further obligation regarding the allocation of that payment.

The plaintiffs also seek clarification whether the Defendants are entitled to seek an award of additional fees related to the Defendants' motions. *Id.* at 2:10-20. My fee award addressed fees "incurred in connection with the following related motions: eGTran's motion to dismiss (Dkt. #18), plaintiffs' motion to conduct jurisdictional discovery (Dkt. #35), plaintiffs' motion for interim protective order (Dkt #47), EZconn's motion to dismiss (Dkt. #75), and Defendants' motion for entry of final judgment (Dkt. #88)." ECF No. 125. The Defendants may not seek any other fees incurred in connection with those motions. If the Defendants incurred fees for other work unrelated to those motions, my order does not bar them from seeking to recover those fees in the Arizona case. I defer to the Arizona judge to determine whether such fees should be awarded.

**Plaintiffs' Motion to Strike Exhibits (ECF No. 140)**

The plaintiffs filed a motion to strike and to inspect the exhibits offered in support of RIPL's motion to enforce its lien. ECF No. 140. The plaintiffs do "not take a position with respect to the

---

[1] *Sarman v. Goldwater, Taber and Hill*, 396 P.2d 847, 849 (Nev. 1964), *overruled on other grounds by Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish*, 216 P.3d 779 (Nev. 2009) ("The attorney's right to be paid is not based upon, or limited to, his lien. It is based upon a contract, express or implied. The lien is but security for his right.").

enforceability of RIPL's purported lien." ECF No. 141 at 2. Nor should they. Both the fee dispute and the validity of RIPL's purported lien are issues between RIPL and the Defendants. Because the plaintiffs have no interest in the outcome of RIPL's motion to enforce its lien, the plaintiffs have no right to inspect the exhibits offered in support of that motion. The plaintiffs' motion to strike and inspect the exhibits (ECF No. 140) is denied.

**Plaintiffs' Motion for Relief from Judgment (ECF No. 156)**

The plaintiffs filed a motion seeking for relief from my award of attorneys' fees. ECF No. 156. They contend that RIPL's reply in support of its motion to enforce its lien points out that the Defendants' motion for fees included fees that had been written off, were never billed to the client, or were for unrelated tasks. I awarded the Defendants $50,000 based on my assessment of what would be a reasonable amount for the subject motions. I relied upon my years of experience handling civil cases before taking the bench, as well as my more recent reviews of fee applications. While I am troubled that the Defendants appear to have sought reimbursement of fees that they never paid, the total amount they requested did not factor into my ultimate decision. I was able to separate out what I felt were reasonable and related tasks and fees from those that were not. Accordingly, the plaintiffs' motion for relief from the attorneys' fee award (ECF No. 156) is denied.

**Conclusion**

The plaintiffs' motion for correction **(ECF No. 128) is GRANTED IN PART.** Within 14 days of entry of this Order, the plaintiffs shall deposit into this court the $50,000 attorneys' fees I previously awarded. The plaintiffs are jointly and severally liable for that amount. Upon deposit of the fee award, the plaintiffs will be free from further obligation for payment of that award. Accordingly, the plaintiffs' request for an allocation of the award between the defendants is moot.

RIPL's motion to enforce an attorneys' lien **(ECF No. 130) is GRANTED IN PART**. RIPL may assert a charging lien (under both its fee agreement and N.R.S. § 18.015) to secure whatever fees it is owed. RIPL and the Defendants shall submit their fee dispute for resolution in California. If it is determined that the Defendants owe fees to RIPL, RIPL's lien will attach to the fee award I previously entered. The funds deposited into the court by the plaintiffs will remain on

deposit until resolution of the fee dispute between RIPL and the Defendants. Once that dispute is resolved, either party may move to enforce or extinguish the lien and withdraw the funds.

The plaintiffs' motion to strike **(ECF No. 140) is DENIED.**

The plaintiffs' motion for relief from judgment **(ECF No. 156) is DENIED.**

Dated this 24th day of January, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE